HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROXANNE JONES,

Plaintiff,

v.

BERNIE WALKER of Washington Department of Corrections,

Defendant.

CASE NO. C11-5658RBL

ORDER

THIS MATTER comes on before the above-entitled court upon Plaintiff's Application to Proceed *In Forma Pauperis* and proposed Complaint. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Plaintiff's proposed Complaint is almost identical to a proposed Complaint she previously filed on February 11, 2011. [*Roxanne Jones v. State of Washington Department of Corrections*, C11-5125BHS]. In the February proposed Complaint plaintiff asserted that defendant, State of Washington Department of Corrections, violated her rights under the Fourteenth Amendment of the United States Constitution. Plaintiff claims that DOC violated her rights when she was injured, and her mother was killed, in an automobile accident by an inmate who "broke furlough while being in prison" at a DOC facility. Plaintiff sought $22,000,000 and

"some kind of reform to the Department of Corrections." Judge Settle denied plaintiff's Application to Proceed *In Forma Pauperis* and dismissed the proposed Complaint. In the Order, Judge Settle ruled that the claim against the state was barred by the Eleventh Amendment. Plaintiff makes the same allegations again, and in an apparent effort to avoid the Eleventh Amendment issue, plaintiff names "Bernie Walker of WA Dept. of Corrections" as the defendant in this Complaint.

Although plaintiff does not plead that this matter is brought pursuant to 42 U.S.C. § 1983, it is apparent from the proposed Complaint that § 1983 is the proper vehicle by which her claims can be brought. In order to state a claim under § 1983, plaintiff must show "(1) a violation of rights protected by the constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gales*, 947 F.2d 1418, 1420 (9th Cir. 1991).

A state agency such as the Department of Corrections is not a person for purposes of § 1983. *Hale v. Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (en banc). State officials sued in their official capacity for damages are not persons for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997). However, state officials sued in their individual capacity are persons for purposes of § 1983. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). In order to impose liability in a personal capacity suit, plaintiff must show that the state official caused the alleged constitutional injury. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of a supervisory responsibility or position. *Monell v. New York City Dept. Of Social Services*, 436 U.S. 658, 694 n.58 (1978). Thus, the theory of *respondeat superior* is not sufficient to state a claim under § 1983. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff must allege facts showing how defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A § 1983 suit cannot be based on vicarious liability alone, but must allege that the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff does not indicate who "Bernie Walker" is or what his connection is to this case. She also does not indicate whether he is sued in his official or personal capacity. The Court notes that Bernie Warner is the Secretary of the Department of Corrections. If she intends to bring suit against him, she must, consistent with the above stated law, explain how Bernie Warner caused the deprivation of her constitutional rights.

Therefore, plaintiff shall file an amended proposed Complaint within 15 days of entry of this Order. The amended Complaint shall include the facts which support each element of a claim under § 1983. It shall include facts which demonstrate that the named defendant caused or personally participated in the deprivation of her constitutional rights. **The failure to file a proposed amended Complaint that comports with this Order within 15 days of entry of this Order will result in the denial of her Application to Proceed *In Forma Pauperis* and the dismissal of her Complaint**.

**IT IS SO ORDERED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 25th day of August, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE